**Weil, Gotshal & Manges LLP**

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

Edward R. Reines
+1 (650) 802-3022
edward.reines@weil.com

February 5, 2013

Jan Horbaly
Circuit Executive and Clerk of the Court
717 Madison Place NW
Washington, DC 20005

Re: *Soverain Software LLC, v Newegg Inc.*, Civil Action NO. 07-CV-0511 (E.D. Tex.), Appeal No. 2011-1009

Dear Mr. Horbaly:

Newegg Inc. ("Newegg") respectfully brings to this Court's attention clerical errors in the opinion issued on January 22, 2013 in *Soverain Software v. Newegg Inc.*, No. 2011-1009 ("Opinion").

First, there appear to be two clerical errors where the Opinion identifies "claim 34" as being at issue in the litigation instead of "claim 35," which is dependent on claim 34. The Opinion states that Soverain Software LLC ("Soverain") "asserted claims 34 and 51 of the '314 patent and claim 17 of the '492 patent as a group called the 'shopping cart claims.'" Opinion at p. 7 (emphasis added). Newegg respectfully notes that claim 35 was asserted in the litigation, not claim 34. *See Soverain Software LLC v. Newegg Inc.*, 836 F. Supp. 2d 462, 467 (E.D. Tex. 2010) ("At trial, Soverain argued that Newegg used technology for its websites that infringed claims 35 and 51 of the '314 patent; claims 17, 41, and 61 of the '492 patent; and claims 60 and 79 of the '639 patent."); *see also id.* at 468 ("Claims 35 and 51 of the '314 patent and claim and claim 17 of the '492 patent are referred to as the 'shopping cart claims.'").

Likewise, the Opinion states that "[w]e conclude that the prior art CompuServe Mall system, by clear and convincing evidence, rendered obvious the 'shopping cart' claims: claims 34 and 51 of the '314 patent and claim 17 of the '482 patent." Opinion at p. 15 (emphasis added). Newegg respectfully notes again that claim 35 was at issue in the litigation, not claim 34.[1] In addition, Newegg respectfully notes that the '492 patent was at issue in the litigation, not the '482 patent.

Second, there appear to be two clerical errors associated with the discussion of Claim 61 of the '492 patent. The Opinion states that claim 61 of the '492 patent depends from "claims 1 and 60." Opinion at pp. 17 (emphasis added). Newegg respectfully notes that claim 61 of the '492 patent

---

[1] Soverain did not dispute that the single, additional limitation in dependent claim 35 was found in the CompuServe Mall system.

Jan Horbaly
February 5, 2013
Page 2

**Weil, Gotshal & Manges LLP**

depends from claims 15 and 60. *See* 5,909,492 Patent, Claim 61. Newegg also respectfully notes that the claim language found on pages 18-19 of the Opinion that is identified as the text of claims 1 and 60 of the '492 patent is instead that of claims 1 and 60 of the '639 patent. *Compare* U.S. Patent No. 5,909,492, claims 1 & 60, *with* U.S. Patent No. 7,272,639, claims 1 & 60.

To the extent that these were clerical errors, Newegg respectfully requests that the Court issue a corrected opinion.

Sincerely,

Edward R. Reines

cc: Principal attorney for each party