**quinn emanuel** trial lawyers | new york
51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7145**

WRITER'S INTERNET ADDRESS
robertwilson@quinnemanuel.com

February 8, 2013

**VIA HAND DELIVERY**

Jan Horbaly
Circuit Executive and Clerk of the Court
United States Court of Appeals
 for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20005

Re:   Soverain Software LLC v. Newegg Inc., No. 2011-1009

Dear Mr. Horbaly:

On February 5, 2013, Newegg wrote concerning several "clerical errors" in the opinion issued on January 22, 2013 (the "Opinion"). However, the errors that Newegg identifies with respect to claim 34 of U.S. Patent No. 5,715,314 (the "'314 patent") are substantive, not clerical. The Opinion did not make a repeated clerical error on this point, as Newegg represents, but instead analyzed the wrong claim in the '314 patent –*i.e.*, claim 34 instead of asserted claim 35. Moreover, in doing so, the Opinion followed Newegg's identification of the wrong asserted claim in its briefs, a fact that Newegg omits in its letter.

As Newegg's letter acknowledges, Soverain alleged that Newegg infringed claims 35 and 51 of the '314 patent. At trial, "the jury found Newegg liable for induced infringement of claims *35 and 51* of the '314 patent." *Soverain Software LLC v. Newegg Inc.*, 836 F.Supp.2d 462, 468 (E.D. Tex. 2010) (emphasis added). In its briefs on appeal, however, Newegg incorrectly stated that Soverain asserted infringement under "claims *34* and 51 of the '314 patent," and it quoted

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

Jan Horbaly
February 8, 2013
Page 2

claim 34 as representative of Soverain's asserted "shopping cart" claims. Newegg Opening Br. 6-7, 20, 27, 31 (emphasis added); *but see id.* 41 (referencing claim 35). Soverain correctly identified asserted claims 35 and 51 of the '314 patent in its opening appeal brief. *See* Soverain Opp. Br. 7. The Opinion, however, quotes from claim 34, not claim 35, and analyzes whether each of the elements of claim 34 would have been obvious. *Id.*

This error is material because claim 35 is narrower than claim 34. Claim 35 is dependent on claim 34 and, in addition to the elements in claim 34, requires a "payment message to be created before said buyer computer causes said payment message to be activated." A99. In a footnote in its letter, Newegg states that "Soverain did not dispute that the single, additional limitation in claim 35 was found in the CompuServe Mall system." Soverain by no means concedes that CompuServe satisfies this limitation. *See* Soverain Opp. Br. 48 ("Newegg's witnesses attempted to cobble together disparate teachings from multiple references without offering any rationale why a person of ordinary skill in the art would have made its proffered combinations."); A2548:13-A2550:6.

Soverain intends to file a petition concerning the panel's mistaken consideration of the wrong claim as well as other aspects of the Opinion. Soverain also notes that, in sharp contrast to the Opinion, two other tribunals, based on fully developed records in proceedings that concluded after this case was argued, have found claim 35 and all the other claims at issue in this appeal non-obvious. First, the Patent and Trademark Office, in several separate reexamination proceedings completed after this case was argued, confirmed each of the claims in reexamination in the patents in suit over the prior art cited by Newegg in its appeal. *See Reexamination Control Number 90/011,937*, U.S. Patent No. 7,272,639, Certificate Issued, Feb. 1, 2013; *Reexamination Control Number 90/011,442*, U.S. Patent No. 5,909,492, Certificate Issued, Nov. 28, 2012; *Reexamination Control Number 90/011,443*, U.S. Patent No. 5,715,314, Certificate Issued, Sept. 11, 2012; and *Reexamination Control Number 90/011,444*, U.S. Patent No. 7,272,639, Certificate Issued, Oct. 4, 2011. Second, on November 18, 2011, in a case currently pending on appeal, a jury found that claims 34 and 51 of the '314 patent and claims 15, 17, and 39 of the '492 patent were not obvious. *See* Final Judgment, *Soverain Software LLC v. Victoria's Secret Direct Brand Management*, No. 09-CV-0274, at 1 (E.D. Tex. Aug. 22, 2012) (Dkt. No. 559); Verdict Form, *Soverain Software LLC v. Victoria's Secret Direct Brand Management*, No. 09-CV-0274, at 2 (E.D. Tex. Nov. 18, 2011) (Dkt. No. 505).

For the foregoing reasons, Soverain respectfully requests that the Court deny Newegg's request to correct the Opinion and defer any decision until Soverain has had an opportunity to fully brief the issues in its forthcoming petition.

Jan Horbaly
February 8, 2013
Page 3

Respectfully submitted,

Robert B. Wilson /KHF

Robert B. Wilson

cc: Kent Bauldauf, Jr., Esq. (via email)
    Claudia Wilson Frost, Esq. (via email)
    Edward R. Reines, Esq. (via email)