2011-1009

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee

v.

NEWEGG INC.,

Defendant-Appellant

Appeal from the United States District Court for the Eastern District of Texas
in Case No. 07-CV-0511, Chief Judge Leonard Davis

### DEFENDANT-APPELLANT NEWEGG INC.'S OPPOSITION TO PLAINTIFF-APPELLEE'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Edward R. Reines
Timothy C. Saulsbury
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

*Attorneys for Appellant Newegg Inc.*

Kent. E. Baldauf, Jr.
David C. Hanson
THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 471-8815

*Attorneys for Appellant Newegg Inc.*

Kevin M. Fong
PILLSBURY WINTHROP
   SHAW PITTMAN, LLP
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000

*Attorney for Appellant Newegg Inc.*

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 1 1 2013

JAN HORBALY
CLERK

RECEIVED
FROM NIGHT BOX   March 11, 2013

MAR 1 2 2013

United States Court of Appeals
For The Federal Circuit

RESPONSE

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Soverain Software LLC v. Newegg Inc., 2011-1009

<u>CERTIFICATE OF INTEREST FOR NEWEGG INC.</u>

Counsel for Newegg Inc. hereby certifies the following:

1. The full name of every party or amicus represented by me is:

      Newegg Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

      Not Applicable

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

      Newegg Inc. is the parent corporation of Magnell Associate Inc. (doing business as Newegg.com). No publicly held company owns ten percent or more stock in Newegg Inc.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

      Kent E. Baldauf, Jr., The Webb Law Firm
      David C. Hanson, The Webb Law Firm
      Bryan P. Clark, The Webb Law Firm
      Daniel H. Brean, The Webb Law Firm
      James J. Bosco, Jr., The Webb Law Firm
      Anthony W. Brooks, The Webb Law Firm
      Trey Yarbrough, Yarbrough & Wilcox, PLLC
      Debra Elaine Gunter, Yarbrough Wilcox, PLLC
      Edward R. Reines, Weil Gotshal & Manges
      Timothy C. Saulsbury, Weil Gotshal & Manges
      Yar R. Chaikovsky, McDermott Will & Emery LLP
      Claudia W. Frost, formerly with Pillsbury Winthrop Shaw Pittman LLP
      Kevin M. Fong, Pillsbury Winthrop Shaw Pittman LLP

Dated:  March 11, 2013

Edward R. Reines

Edward R. Reines
*Attorney for Defendant-Appellant*
*Newegg Inc.*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

CLERICAL ERRORS DO NOT JUSTIFY RECONSIDERATION OF THE
    MERITS OF THE PANEL DECISION .........................................................2

THE PETITION FOR PANEL REHEARING SHOULD BE DENIED ...................3

    A.    Newegg Argued The Claims Were Obvious As A Matter of
        Law ................................................................................................3

    B.    The Panel Did Not Resolve Any Genuine Disputes Of Material
        Fact ...............................................................................................4

        1.    Product Identifier ................................................................5

        2.    Hypertext Statement ...........................................................7

        3.    Session Identifier ................................................................9

    C.    The Panel Did Not Fill Gaps In The Evidentiary Record .......................10

    D.    The Panel Did Not Improperly Use Hindsight .......................................11

THE PETITION FOR EN BANC REHEARING SHOULD BE DENIED ...............12

    A.    The Panel Opinion Does Not Treat Obviousness As A Pure
        Question Of Law ...........................................................................12

    B.    The Panel Opinion Does Not Create An Exception For Cases
        Involving The Internet And Pioneering Technologies ...........................14

CONCLUSION ....................................................................................................15

# TABLE OF AUTHORITIES

PAGE(S)

## Cases

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.,*
    555 F.3d 984 (Fed. Cir. 2009) .................................................................. 14

*Boston Scientific Scimed, Inc. v. Cordis Corp.,*
    554 F.3d 982 (Fed. Cir. 2009) .................................................................. 14

*Graham v. John Deere Co.,*
    383 U.S. 1 (1966) ...................................................................... 12, 13

*KSR Int'l Co. v. Teleflex Inc.,*
    550 U.S. 398, 127 S. Ct. 1727 (2007) .......................................... *passim*

*Muniauction, Inc. v. Thomson Corp.,*
    532 F.3d 1318 (Fed. Cir. 2008) ................................................................ 15

*Perfect Web Techs., Inc. v. InfoUSA, Inc.,*
    587 F.3d 1324 (Fed Cir. 2009) ................................................................ 10

*Western Union Co. v. MoneyGram Payment Sys., Inc.,*
    626 F.3d 1361 (Fed. Cir. 2010) ................................................................ 15

## Other Authorities

Fed. R. App. P. 40(a)(2) ............................................................................ 4

## INTRODUCTION

Petitioner's request for reconsideration of the unanimous panel decision should be denied. The panel ruling was an unexceptional application of the Supreme Court's *KSR* decision. Just as the Supreme Court held a patent obvious on appeal despite claims of factual dispute, the Panel here correctly concluded the patents were obvious based on a solid foundation of undeniable facts. This Court has consistently respected *KSR*'s reminder that, ultimately, obviousness is a legal decision for judges that should be reached if the necessary underlying facts are beyond legitimate debate. The Panel applied *KSR* faithfully.

The petition fails to identify any *statement of law* by the Panel putatively in conflict with precedent. The theory of the petition focuses not on any erroneous statement of legal rules but rather on what the Panel "did" – supposedly ignoring evidence and resolving fact questions. This case-specific grievance is unworthy of en banc treatment and unsupported by the record. By performing its *KSR* duty, the Panel did not need to, and did not, resolve any debatable fact questions.

The Panel's obviousness conclusion followed logically from the over-breadth of the claims. As the petition itself tacitly acknowledges, the patents here supposedly cover the application of century-old shopping traditions to the Internet, such as the simple concept of a shopping cart (a computer file) to collect selected products for checkout. Indeed, according to the petition itself, one patent covers

the use of a hypertext link on an Internet page to "allow customers to retrieve online records of past transactions." Petition at 4. Petitioner's unabashed pursuit of astonishingly broad and obvious claims is ultimately self-defeating because, while it eases the ability to assert infringement, it rendered the claims invalid

In the final analysis, the petition starts from the false premise that the Panel resolved *bona fide* fact disputes to reach its legal conclusion of obviousness. As confirmed below, it did not. The Combined Petition should be denied.

## CLERICAL ERRORS DO NOT JUSTIFY RECONSIDERATION OF THE MERITS OF THE PANEL DECISION

Petitioner provocatively starts its petition by citing Newegg's letter seeking correction of clerical errors in the opinion. Yet, after leading with the issue, it does not include any of those clerical errors as a basis for its panel or en banc rehearing request mentioning it only in a footnote to its background section. Petitioner's cynical attempt to exploit clerical error is thus irrelevant to its rehearing requests.[1]

---

[1] Petitioner footnotes that the Panel overlooked the added limitation of dependent claim 35, although it does *not* include this as a ground for reconsideration. In the face of Newegg's prima facie obviousness showing, Soverain identified a number of supposedly differentiating limitations, but it did *not* identify for the Panel the single limitation from dependent claim 35. *See* Soverain Appeal Response Brief at 45-50. In its recent letter to the Court, Petitioner cited its appeal brief at 48 and the trial record at A2548-50 to show it had contested this point. The petition abandons all those cites (they are irrelevant) and replaces them with a lone, new cite, A2561. That page is not in the Joint Appendix, was not cited in the briefs, and does not even reference the added dependent limitation – much less why it would make the shopping cart claims innovative. In fact, the record is to the contrary. A2324-26.

**THE PETITION FOR PANEL REHEARING SHOULD BE DENIED**

In seeking panel rehearing, Petitioner alleges that "the panel resolved genuinely disputed issues of fact." Petition at 2. The petition also argues that the Panel improperly filled evidentiary gaps in the record and violated the rule against using hindsight to analyze obviousness. This shotgun approach to the petition for rehearing fails. But before addressing each argument individually, Newegg responds to Petitioner's argument that Newegg did not contend on appeal that the patents were obvious as a matter of law.

### A.    Newegg Argued The Claims Were Obvious As A Matter of Law

Petitioner contends that Newegg never argued to the Panel that the claims were obvious as a matter of law. Petition at 7. That is not so. Newegg requested a "take-nothing judgment" and beyond that, "at a *minimum*, the Court should remand for a new trial on infringement, obviousness, and damages." Newegg Appeal Opening Brief at 60.[2] Newegg also requested "any and other further relief to which it may be justly entitled." *Id.*

Even more precisely to the point, when analyzing Soverain's non-obviousness arguments, Newegg stressed that the patents-in-suit were obvious as a matter of law free from factual conflict:

---

[2] Emphasis is supplied unless specified otherwise.

Soverain **fails to identify how its patents were anything more than the routine application** of century old shopping traditions to the Internet.

***

Conspicuously **missing from Soverain's brief is any argument, much less evidence, to rebut the ample proof** that the implementation of a shopping cart, customer number, receipt or the like on the Internet was not itself an inventive challenge.

***

Soverain's attempt to rely upon secondary considerations fails because, even if it had such evidence, that **could not overcome Newegg's obviousness defense as a matter of law.**

Newegg Appeal Reply Brief at 1-6. In short, Newegg explained on appeal that its obviousness defense was proven as a "matter of law" and without "argument, much less evidence, to rebut" it.[3] *Id.*

## B.    The Panel Did Not Resolve Genuine Disputes Of Material Fact

FRAP 40(a)(2) provides that the "petition *must* state with particularity each point of law or fact that the petitioner believes the court has overlooked." Each of the three supposed fact issues identified in the Petition is addressed in turn.

---

[3] At oral argument Newegg emphasized that the district court's JMOL eliminating its obviousness defense was improper given the substantial obviousness evidence in conflict with that conclusion, and that a remand was required at a minimum. But counsel also explained that this position was taken even "leaving aside their [the claimed technologies'] manifest obviousness." Aug. 4, 2011 Oral Arg. Recording at 33:48. Newegg's firm belief that the claims were invalid as a matter of law was express.

4

### 1.    Product Identifier

Petitioner argues that the Panel resolved material facts in deciding that the prior art rendered obvious the use of a "product identifier" in the shopping cart claims. That is untrue. Using a unique identifier to identify products in an e-commerce system would have been obvious as a matter of common sense. Indeed, "main street" stores have long used unique product identifiers. Without a product identifier in the message to the "shopping cart" database, there would be no way to sell a product on a computer network such as the Internet. *See* A2375 ("Simply knowing that you can do something like store information about purchases means that a competent programmer can figure out how to do it."). The Panel explained that, based on the agreed-upon skill level in the art, it would have been obvious to apply the product identifier of the CompuServe closed network to an open network such as the Internet. Panel Opinion at 12. That is a conclusion of law based on undisputed facts regarding the undisputed workings of the CompuServe system.

Against this record, Petitioner's primary argument is that the Panel acknowledged that the parties' experts "stated divergent views," implying that this means there must have been disputed facts. Petition at 8. This argument is superficial. *KSR* holds that divergent expert views do *not* preclude a conclusion of obviousness as a matter of law. *KSR Int'l Co. v. Teleflex Inc.,* 550 U.S. 398, 127 S.

Ct. 1727, 1745-46 (2007). Rather, the court must determine ultimately whether the level of innovation exceeds the legal standard for obviousness.[4] *Id.*

In its attempt to put meat on the bones, Petitioner argues that the Panel found facts impermissibly by disbelieving its expert's distinction between Compuserve's "order command" and the claimed "product identifier." But the Panel did not ignore the alleged distinction. Rather it found that supposed distinction to be premised on a misunderstanding of what was required by the claimed "product identifier." Panel Opinion at 11 ("The distinction proposed by Dr. Shamos and advanced by Soverain is not embodied in the claims and not reflected in the claim construction."). Petitioner's criticism thus boils down to an attack on the Panel for "incorrectly construing the term 'product identifier.'" That is wrong on the merits, and also irrelevant because the petition is about supposed fact finding by the Panel, not improper claim construction methodology.

In any event, the Panel also concluded that using a "product identifier" for an e-commerce system on the Internet was obvious even accepting Dr. Shamos's characterization of the prior art. *See* Panel Opinion at 12 ("a person of ordinary skill could have adapted the CompuServe order command to known browser capabilities when these capabilities became commonplace, and [] it was obvious to

---

[4] Petitioner resorts to a Patently-O blog post to suggest the panel decision makes new law. On the contrary, the blog post observes that this decision "follows the lead" of *KSR* and conveys that the decision is based on "common sense."

do so."). The record amply shows that the relevant Internet technologies were common knowledge in the prior art. A2122-23 (the Mosaic Web browser predated the 1994 patent applications); *id.* (none of "html, http, URLs or hypertext links were invented by Open Market" because they predated it); A2330-31 (Tim Berners-Lee invented the URLs that make up the World Wide Web in 1989 and 1990 at CERN). In reaching this conclusion, the Panel explained that the parties agreed that a person skilled in the art in 1994 would have "two to three years of practical experience developing or operating software and systems that relate to commerce on the Internet." *Id.* at 12 n.2. *KSR* authorizes exactly this kind of judgment by courts.

### 2. Hypertext Statement

Petitioner argues that the Panel improperly resolved material facts when it decided that the prior art rendered obvious the use of a hypertext link to a transaction detail page such as a sales receipt. A review of the panel opinion establishes that no disputed facts were resolved.

As the Panel recognized, making a receipt with transaction details available through a webpage link was not inventive because even Petitioner's expert admitted that the use of hypertext and URLs was not innovative when the patent application was submitted. Panel Opinion at 17, 21; *see also* A2122-23; A2330-31. Providing a customer with information about its purchase also was not

innovative because humans have been doing that for centuries and that simple feature was included in the CompuServe system. Moreover, it was undisputed that anyone "who could get access to the text in a transaction record would understand how to use html to present that information at a variety of levels of details." A2335. Likewise, it was undisputed that hypertext and URLs were basic functionalities of the World Wide Web, and "[a]nyone who wanted to move shopping on the web would know they had to use URLs to tie things together to deliver information." Panel Opinion at 17. This record makes the Panel's unanimous legal conclusion of obviousness straightforward: The use of a hypertext link to a transaction detail document such as a receipt was a "routine incorporation of Internet technology into existing processes." Panel Opinion at 20.

To try to identify overlooked facts, Petitioner cites only its own expert's conclusory testimony that the claimed hypertext statement is "not close" to the CompuServe system for providing transaction details by reference to a confirmation number. Petition at 9. But this testimony does not create a factual dispute regarding how CompuServe worked. Moreover, Petitioner does not grapple with the Panel's common sense and fully supported conclusion that a hypertext link to a receipt was obvious given the known Internet technologies. Panel Opinion at 19-20. In *KSR*, as here, the patentee argued that its expert's conclusion regarding the inventiveness of a claimed feature prevented the

invalidation of the patent as a matter of law. 127 S. Ct. at 1745-46. The Supreme Court explained that this argument misunderstands the role of experts because the "ultimate judgment of obviousness is a legal determination." *Id.* The Panel did not resolve facts in finding the hypertext statement claims obvious.

### 3.    Session Identifier

Petitioner argues that the Panel improperly resolved facts to conclude that the prior art rendered obvious a "session identifier." A review of the panel opinion establishes that no disputed facts were resolved.

In attempting to identify facts improperly decided by the Panel, Petitioner cites its expert's unexplained two-line conclusion that Open Market "invented session IDs." Petition at 10 (citing A2589). This bare assertion is so shallow it carries no probative value at all. Moreover, Petitioner did not even cite this testimony during the original panel proceedings so accusing the Panel of overlooking it is altogether wrong.

Beyond that, Petitioner cites only secondary considerations testimony from its expert regarding a supposed long-felt need. Petition at 10 (citing A2580-81). Specifically, Petitioner's expert testified that "many people tried" to solve the problem of "adding state" to HTTP, but only the patentee did. A2580-81. This unsupported assertion deserves zero weight. Petitioner's expert did not identify who unsuccessfully tried what, when, why, or how. A cursory one-line reference

to unspecified attempts by "many people" to address an unclaimed problem cannot overcome the obviousness of assigning a session identifier to a shopping session. This testimony not only lacks the required nexus, it lacks probative value altogether. *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324 (Fed Cir. 2009) (vague secondary considerations reference to prior art problems creates no fact issue because patentee failed to "explain how long this need was felt or when the problem first arose" and "cited no supporting data").

The Panel did not resolve any fact disputes in reaching the legal conclusion of obviousness for the session identifier claims.

### C.    The Panel Did Not Fill Gaps In The Evidentiary Record

Petitioner does not identify any supposed evidentiary gap in the Panel's obviousness conclusion for the hypertext statement claims. It includes one each for the shopping cart claims and the session identifier claims. Neither argument withstands scrutiny.

Petitioner faults the Panel's conclusion that the CompuServe personal holding files easily fall within the definition of "database" in the claim phrase "shopping cart database." Petition at 10. Petitioner states that CompuServe's personal holding files constitute an "in-memory *database*" but argue that this somehow does not qualify as a "database." Petition at 10. Basically Petitioner argues that a database is not a database. But Petitioner never explains why an "in-

memory database" would not qualify as a database and the claim construction of "shopping cart database" draws no such special distinction. A4381 ("Shopping cart database [AGREED]: a database of stored representations of collections of products where 'database' means a collection of logically related data stored together in one or more computerized files"). Petitioner's expert simply pled ignorance. A2558 ("I don't know whether there was a database").

Petitioner next vaguely criticizes the Panel for undertaking a "factual analysis" of the prior art by citing three pages of the panel opinion without explanation. This undeveloped, skeletal argument does not identify any gap in the record that was improperly filled by the Panel. Thus, this argument also fails.

### D.    The Panel Did Not Improperly Use Hindsight

Petitioner argues that the Panel should reconsider the panel opinion because it violated basic tenets of patent law. Specifically, Petitioner accuses the Panel of failing to use the perspective of one skilled in the art and evaluating the prior art from a 2013 viewpoint.

This argument is dubious from the start because there is nothing in the opinion questioning these basic legal principles. Indeed, the Panel properly considered the perspective of one skilled in the art and cited undisputed testimony from such witnesses. It specifically relied on the parties' agreed definition of the

11

level of skill in the art as the lens through which it viewed the issues. Panel Opinion at 12 n.2. This allegation of error fails.

The Panel also understood that the prior art had to be viewed in light of the state of the art in 1994, not 2013. The Panel relied on prior art and testimony concerning the state of the art in 1994 and earlier – there is no reference to a different timeframe. Each of the Panel's statements of what would have been within the level of skill in the art is fully supported by the unchallenged evidence it identifies, as demonstrated above.

## THE PETITION FOR EN BANC REHEARING SHOULD BE DENIED

The petition raises two issues for en banc review. Petitioner's lead argument is that the panel opinion improperly "takes a major step towards transforming obviousness from a conclusion of law based on underlying facts into a pure question of law." Petition at 13. Petitioner secondarily argues that this Court should gather en banc to decide whether the Panel created an exception to obviousness law for "cases involving the Internet and pioneering technologies. Petition at 14. Both arguments fail.

### A.    The Panel Opinion Does Not Treat Obviousness As A Pure Question Of Law

Petitioner expresses concern that the Panel treated obviousness as a "pure question of law." Petition at 13. Petitioner alleges that by doing so the Panel improperly found facts in conflict with *Graham* and *KSR*. *Id.*

Petitioner's argument is disproven by the panel opinion itself, which accurately sets forth the applicable legal rules from *Graham* and *KSR*. The Panel specifically explains that, pursuant to *Graham,* "obviousness is a question of law based on underlying facts." Panel Opinion at 5. The Panel also notes the complementary principle from *KSR* that, where the *Graham* factors are "not in material dispute," the Court may resolve obviousness as a matter of law. *Id.*

The petition does not identify any supposed misstatement of law in the panel opinion. The panel opinion never states that obviousness is a pure question of law, nor does it state that the Panel resolved disputed fact questions. In short, there is nothing in the panel opinion that supports the fears expressed in the petition.

Because the Petition fails to identify any problematic statements of law in the panel opinion, its complaint boils down to its prime allegation that the panel opinion had to resolve disputed questions of fact to reach its legal conclusion of obviousness. As established above in response to the petition for panel rehearing, a systematic analysis of the record disproves this argument conclusively.

The panel opinion is in line with *KSR* and this Court's application of that decision. Applying *KSR*, this Court has consistently and responsibly found claims obvious as a matter of law when the undisputed facts warrant it. When the record supports it, and the procedural posture aligns, this Court has found patents invalid as a matter of law in the first instance on appeal, as it did here. In *Ball Aerosol &*

13

*Specialty Container, Inc. v. Ltd. Brands, Inc.,* 555 F.3d 984, 993 (Fed. Cir. 2009), this Court reversed the district court's sua sponte finding that the claims were "valid." Based on the factual record, this Court reversed the summary judgment finding, ruling on appeal in the first instance that the claims were obvious as a matter of law. *Id.*; *see also Boston Scientific Scimed, Inc. v. Cordis Corp.*, 554 F.3d 982, 987 (Fed. Cir. 2009).

While the procedural posture of this case may be uncommon, that is a function of the district court's seriously erroneous decision, at Petitioner's behest, to reject Newegg's potent obviousness defense on all three patents as a matter of law without permitting jury consideration.

## B.    The Panel Opinion Does Not Create An Exception For Cases Involving The Internet And Pioneering Technologies

The petition proposes that this Court evaluate en banc whether this case creates an exception to obviousness law for cases involving the Internet and pioneering technologies. The petition's reference to an exception for "pioneering technologies" is not explained or understandable.

The true issue appears to be whether the panel opinion creates an unwarranted "Internet exception" to the general obviousness rules. Petition at 15. But the panel opinion states nothing about an Internet exception. That is a red herring. Instead the Panel applied the established, common sense principles of *Western Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1369 (Fed.

Cir. 2010) and *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1327 (Fed. Cir. 2008). Those cases stand for the logical proposition that application of "the use of the Internet to existing electronic processes at a time when doing so was commonplace" is not itself inventive. Panel Opinion at 19-20.

While Petitioner insists that the panel opinion "extends" *Western Union* and *Muniauction*, it does not identify any language in the panel opinion that does so. Here, as explained above, the relevant aspects of the Internet were commonplace by 1994. The district court grounded its decision on the undisputed record that, for example, web browsers, hypertext links, identifiers and HTML were all well-established technology in the prior art. The issues raised by Petitioner are not at all worthy of en banc treatment.

## CONCLUSION

For the foregoing reasons, Newegg respectfully requests that Soverain's petition for panel reconsideration and rehearing en banc be denied.

Respectfully submitted,

Dated:  March 11, 2013

By: *Edward R. Reines*
Edward R. Reines
Timothy C. Saulsbury
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

Kent E. Baldauf, Jr.
Bryan P. Clark
THE WEBB LAW FIRM
One Gateway Center
420 Fort Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone:  (412) 471-8815

Kevin M. Fong
PILLSBURY WINTHROP
    SHAW PITTMAN LLP
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone:  (415) 983-1270

*Attorneys for Newegg Inc.*

**AFFIDAVIT PURSUANT TO FEDERAL CIRCUIT RULE 47.3(d)**

Pursuant to Federal Circuit Rule 47.3(d), I, Isaac S. Crum of Weil, Gotshal & Manges LLP, hereby swear that I have the actual authority of the following counsel of record to sign (1) the Defendant-Appellant's Opposition to Plaintiff-Appellee's Combined Petition for Panel Rehearing and Rehearing En Banc, and (2) the Certificate of Interest included therein:

> Edward R. Reines
> WEIL GOTSHAL & MANGES LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065
> Telephone: (650) 802-3000
> *Attorneys for Newegg Inc.*

Dated: March 11, 2013                    By: _____

> Isaac S. Crum
> WEIL GOTSHAL & MANGES LLP
> 1300 Eye Street, NW, Suite 900
> Washington, DC 20005

# CERTIFICATE OF SERVICE

This is to certify that on March 11, 2013, copies of the foregoing were served via electronic mail on the following counsel for Plaintiff-Appellee Soverain Software LLC:

> Seth P. Waxman
> seth.waxman@wilmerhale.com
> Wilmer Cutler Pickering Hale and Dorr LLP
> 1875 Pennsylvania Avenue, NW
> Washington, DC 20006
> (202) 663-6000
>
> Michael Scanlan
> Paralegal
> WEIL GOTSHAL & MANGES LLP
> 1300 Eye Street, NW, Suite 900
> Washington, DC 20005