NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOVERAIN SOFTWARE LLC,**
*Plaintiff-Appellee,*

v.

**NEWEGG INC.,**
*Defendant-Appellant.*

---

2011-1009

---

Appeal from the United States District Court for the Eastern District of Texas in No. 07-CV-0511, Judge Leonard Davis.

---

**ON PETITION FOR REHEARING**

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

The court grants rehearing for the purpose of clarification of the status of claims 34 and 35 of Patent No. 5,715,314.

This court's opinion, reported at 705 F.3d 1333 (Fed. Cir. 2013), discussed claim 34 as representative of the "shopping cart" claims, and held claim 34 invalid on the

ground of obviousness. The parties state, on petition for rehearing, that our ruling should have been for claim 35, to conform to the judgment entered on the jury verdict. Soverain requests further proceedings, and Newegg proposes that we correct the "typographical error." We now order additional briefing.

DISCUSSION

Claim 34 is reproduced in the court's opinion, at 705 F.3d at 1337–38. Claim 35 depends from claim 34, and includes an additional limitation:

> 35. A network-based sales system in accordance with claim 34, wherein said shopping cart computer is programmed to cause said payment message to be created before said buyer computer causes said payment message to be activated.

The district court, on motion for post-verdict JMOL, discussed the shopping cart claims in terms of claim 34, as had the parties at the trial and in the motion for JMOL; *see, e.g.*, 836 F. Supp. 2d 462, 468 ("Newegg first argues that there was no legally sufficient evidence from which a reasonable jury could conclude that the accused Newegg system meets all the limitations of independent claim 34 of the '314 patent . . . ."); *id.* at 478 (discussing expert testimony on the limitations of claim 34). The district court did not mention the limitation in claim 35 in its JMOL discussion of either infringement or invalidity. This was commensurate with the trial proceedings and record, which were primarily to claim 34. However, the jury verdict form, on which judgment was entered, referred to claim 35, not claim 34.

On the appeal to this court, the parties again focused on claim 34. Newegg's opening brief stated that Soverain "asserted" claim 34, and that claim 34 is "representative of the shopping cart claims." Newegg Br. 6. Soverain's brief on this appeal mentioned that claim 35 was in suit, but did not discuss the limitation in that claim or other-

wise differentiate it from claim 34. Soverain focused on the limitations of claim 34, as did Newegg. *E.g.*, Soverain Br. 45–46. Soverain's brief did not dispute or correct Newegg's characterization of claim 34 as asserted and representative.

On January 22, 2013, the court issued its opinion on this appeal. The court's opinion treated claim 34 as representative of the shopping cart claims, and gave particular attention to the claim limitations of claim 34, in order to determine whether there were material disputes warranting remand, 705 F.3d at 1337 (citing *KSR International Co., v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007)).

After release of the court's ruling, Newegg wrote the court stating that claim 34 was not the subject of the district court's judgment, and suggested that the court correct its "clerical error" by substituting claim 35. Soverain responded, stating that the error was "substantive, not clerical." Soverain then submitted a petition for rehearing, stating that "the panel's decision analyzed the wrong claim" and "claim 35 contains additional limitations." Soverain's petition did not discuss the limitation of claim 35, but re-argued several limitations in claim 34 such as "product identifier" and "shopping cart database."

Newegg responded that Soverain failed to rely on claim 35 "as a basis for its panel or en banc rehearing request" and pointed out that Soverain mentioned claim 35 "only in a footnote to its background section" of its appeal brief. Newegg then addressed the substantive arguments Soverain raised, which did not include the differences between claims 34 and 35.

On this record, we do not have enough information to determine whether there is a "genuine" dispute as to whether the prior art taught the limitation of claim 35, or the role of such limitation in the shopping cart teachings of the prior art. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986) ("A factual dispute is only 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

It is also unclear on this record, because it has not been briefed, whether Soverain agreed that claim 34 is representative of the shopping cart claims, or whether Soverain's silence constituted a waiver of this aspect.

Although the confusion concerning the posture of claims 34 and 35 is a result of the parties' arguments at trial and appeal, we conclude that the matter warrants supplemental briefing on the following aspects:

1. The treatment at trial of the additional limitation in claim 35; and

2. Whether claim 34 was treated as, or is properly deemed "representative" of the shopping cart claims including claim 35.

The supplemental briefs shall be filed simultaneously, no later than ten days following the date of this order. Responsive briefs may be filed no later than ten days thereafter. The briefs shall not exceed 10 pages double-spaced for each party. The parties are instructed to attach copies of any materials relied upon in their briefs that are not in the existing appendices.

IT IS SO ORDERED.

June 13, 2013
Date

cc: Edward R. Reines, Esq.
    Robert B. Wilson, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 13 2013

JAN HORBALY
CLERK